UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>2008 SHATTUCK AVE, LLC, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-03083-EMC<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>Docket No. 14 |

　　　　Plaintiff Brian Whitaker has filed suit against Defendants 2008 Shattuck Ave, LLC and Chahat. Chahat owns a restaurant, called Barbarian Grub and Ale, located at 2012 Shattuck Avenue in Berkeley. Shattuck owns the real property where the restaurant is located. According to Mr. Whitaker, Defendants have violated both the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act. Currently pending before the Court is Defendants' motion to dismiss. Having considered the parties' briefs, as well as the oral argument of counsel, the Court hereby **DENIES** the motion.

　　　　In the instant case, Defendants make two arguments in support of their 12(b)(6) motion: (1) dismissal is required by *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021) (hereinafter *Tesla*), and (2) dismissal is required because the ADA provides for relief only where there are "fixed in place dining tables," Mot. at 4, and Mr. Whitaker has failed to include any allegation in his complaint that the dining tables were fixed.[1] Neither argument is persuasive.

　　　　*Tesla* is essentially a case about *Twombly/Iqbal* specificity. The Ninth Circuit held that

---

[1] Apparently, the tables at issue were tables placed on the sidewalk for outdoor dining given the COVID-19 conditions.

> Whitaker's complaint did not allege facts sufficient to support his ADA claim because the complaint primarily recited legal conclusions. The complaint alleges that Tesla "failed to provide accessible service counters," that Whitaker "personally encountered" the inaccessible service counters, and that he was denied "full and equal access." These allegations do little more than recite the elements of an ADA claim, and fall short of putting Tesla on notice of *how* the counters prevented Whitaker from full and equal access to the Tesla facility. The complaint failed to answer basic questions: Were the service counters too low? Or too high? Were they positioned in an area that was inaccessible for another reason? Without this sort of factual detail, the district court and Tesla were left in the dark about how the service counters denied Whitaker from full and equal enjoyment of the premises.

*Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021) (emphasis added).

In the instant case, Mr. Whitaker has not replicated the *Tesla* error. He has specified how the dining tables did not comply with the ADA – *i.e.*, "lack of sufficient knee or toe clearance under the outside dining surfaces for wheelchair users." Compl. ¶ 14. He has also specified how the counter did not comply with the ACA – *i.e.*, it was "too high" and there were "ice cream freezers located in front of the sales counters, which obstruct[] the floor space needed by wheelchair users." Compl. ¶ 19.

As for Defendants' second argument, Defendants maintain that "there are only ADA standards for fixed in place dining tables." Mot. at 4. If Defendants are asserting that there is no 1991 *ADAAG* Standard or 2010 *ADAAG* Standard that expressly addresses nonfixed/freestanding tables, that may be true. *See, e.g.*, 28 C.F.R. § 36.406(b) (providing that "[t]he 1991 Standards and the 2010 Standards apply to fixed or built-in elements of buildings, structures, site improvements, and pedestrian routes or vehicular ways located on a site"). But that does not mean that the ADA allows for discrimination where there are nonfixed/freestanding tables. There is no principled reason why the ADA – a statute that is intended to prohibit discrimination against those would disabilities – would be limited to fixed tables but not free-standing ones. And in fact Title III of the ADA, on its face, contains no limitation. *See* 42 U.S.C. § 12182(a) (providing that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public

accommodation"); *cf. McIver v. Cal. Expo. & Fair*, No. CV-S-01-1967 GEB KJM, 2005 WL 1541087, at *3 (E.D. Cal. June 28, 2005) (noting that defendant "RCS seeks summary judgment on Plaintiffs' claims regarding the lack of sufficient accessible seating near RCS's foodstands since 'the requirement [under 1991 ADAAG 4.1.3(18) that five percent of seating be accessible] only applies to fixed or built-in seating or tables'[;] [but] [e]ven if ADAAG 4.1.3(18) does not apply, RCS must nonetheless 'remove architectural barriers ... where such removal is readily achievable'" pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv)).

Indeed, several courts have ruled that the ADA provides protections even if there is no directly applicable regulation setting a specific standard. *See, e.g.*, *Whitaker v. AMT Tech, Inc.*, No. C-21-3045 JD (N.D. Cal.) (Docket No. 18) (Order at 2) (acknowledging that "the ADA regulations provide specifications for knee and toe clearance for 'fixed or built in seating or tables,'" but that does not mean that "the ADA in general applies only to fixed or built in architectural elements, as AMT would have it[;] [t]he regulations do not vitiate the broader duty imposed on public accommodations to 'take reasonable steps to provide disabled guests with a like experience'"); *Whitaker v. Daryoush Rest., LLC*, No. C-21-3040 JST (N.D. Cal.) (Docket No. 19) (Order at 3) (noting that, "under Daryoush's theory that the ADA standards apply only to tables and chairs fixed in place, any restaurant could avoid accessibility standards by having only movable tables and chairs available for seating"; "reject[ing] Daryoush's interpretation of the ADA standards because it contradicts both common sense and prior case law"); *cf. Whitaker v. Easterly-Berkeley Corp.*, No. C-21-3038 WHO (N.D. Cal.) (Docket No. 15) (Order at 5) (allowing the case to proceed "on the theory that, regardless of compliance with the fixed-tables requirement, Easterly was under an independent obligation to remove inaccessible barriers, which might require that some movable tables be accessible (if, perhaps, there were no fixed tables), as *McIver* held"; adding, however, that "[t]his decision does not necessarily endorse that theory" but instead "is based on Easterly's failure to respond to Whitaker advancing it in his brief, the recognition that it seems a plausible legal theory, and the reality that the parties have not addressed many of the issues necessary to resolve the scope of this part of the ADA in any detail").

To the extent Defendants argue their due process rights would be violated if they could be

3

held to standards not precisely articulated in the ADAAG Standards, the Court does not agree. As Mr. Whitaker pointed out at the hearing, in *Robles v. Domino's Pizza, LLC*, 913 F.3d 898 (9th Cir. 2018), the Ninth Circuit held that the ADA is not "vague" – *i.e.*, "'so indefinite in its terms that it fails to articulate comprehensible standards to which a person's conduct must conform.'" *Id.* at 906. Rather, "[t]he ADA articulates comprehensible standards . . . . Since its enactment in 1990, the ADA has clearly stated that covered entities must provide 'full and equal enjoyment of the[ir] goods, services, facilities, privileges, advantages, or accommodations' to people with disabilities, 42 U.S.C. § 12182(a)." *Id.* at 906; *see also id.* at 909 (indicating that "'[t]he lack of specific regulations [regarding website accessibility] does not eliminate [defendant's] obligation to comply with the ADA or excuse its failure to comply with the mandates of the ADA'"). Moreover, it strains credulity for Defendants to suggest that they considered the ADAAG Standards and believed that, because they applied on their face to fixed tables, they were therefore free to discriminate where nonfixed/freestanding tables were at issue.[2]

The government publications on which Defendants rely also do not advance their position. Although the Court may take judicial notice of the publications, such notice is limited to the fact that the publications exist; the Court need not credit the contents of the publications as being correct on the law. *See Eckert v. Donahue Schriber Co.*, 2003 U.S. Dist. LEXIS 27011, at *8-9 (E.D. Cal. Aug. 6, 2003) (in discussing DOJ manual addressing requirements of ADA Title III, stating that "[a]gency interpretations of regulations that are contained in materials such as agency manuals are entitled to respect under [the Supreme Court's] decision in *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944), but only to the extent that those interpretations have the power to persuade") (internal quotation marks omitted). And in any event, the government publications do

---

[2] At the hearing, Plaintiffs suggested that they could rely on the ADAAG Standards to provide (at the very least) guidance as to what should be required for knee and toe clearance for nonfixed/freestanding tables. The Court does not decide at this juncture whether and to what extent the ADAAG standards would apply. *See Robles*, 913 F.3d at 907 (indicating that there were no "fair notice concerns" because, "[a]t this stage, Robles only seeks to impose liability on Domino's for failing to comply with § 12182 of the ADA, not for the failure to comply with a regulation or guideline of which Domino's has not received fair notice"; but also indicating that district court might be able to order compliance with a regulation as an equitable remedy "if, after discovery," there was a failure to satisfy the ADA).

not state that a person or entity who runs a food establishment has ADA obligations only if tables are fixed. *See, e.g.*, ADA Guide for Small Businesses (providing guidance for "Fixed Seating and Tables" – *e.g.*, "[i]f tables are provided . . . and the tables are attached to the wall or floor (fixed), then 5% of the tables or at least one (if less than 20 are provided) must be accessible, if doing so is ready achievable," and "[a]n accessible table . . . [is] no less than 28 inches above the floor," with "[a]t least 27 inches of knee clearance"); ADA Update: A Primer for Small Business (addressing at page 14 "Food and Restaurant Services"; stating that "[p]eople with disabilities need to access tables").

For the foregoing reasons, the motion to dismiss is denied. Defendants are ordered to file a response to the complaint within 30 days of the date of this order.

This order disposes of Docket No. 14.

**IT IS SO ORDERED**.

Dated: August 19, 2021

_____
EDWARD M. CHEN
United States District Judge